UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


FILED
JAMES BONINI
CLERK

2010 MAY 19 A 10: 46

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

| | |
|---|---|
| **HILDA SOLIS**, Secretary of Labor, United States Department of Labor, | Civil Action No. |
| Plaintiff, | **2:10 cv 442** |
| v. | JUDGE MARBLEY |
| ALL STAR COMMERCIAL SERVICES, LLC | MAGISTRATE JUDGE KING |
| Defendant. | |

## COMPLAINT

### COUNT ONE

**I.**

Plaintiff brings this action to enjoin Defendant from violating the provisions of Sections 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended (52 Stat. 1060, 29 U.S.C. 201 et. seq.), (hereinafter called the Act).

**II.**

Jurisdiction of this action is conferred upon the court by Section 17 of the Act.

**III.**

(a)     Defendant, All Star Commercial Services, LLC is and at all times hereinafter mentioned was a limited liability company having its office and place of business at 4701 Leppert Rd. in Hilliard, Ohio within the jurisdiction of this court, and is and was at all times hereinafter mentioned engaged at that location as a janitorial services company

1

### IV.

(a)     Defendant is, and at all times hereinafter mentioned was, engaged in performance of related activities for a common business purpose, constituting an enterprise within the meaning of Section 3(r) of the Act.

(b)     At all times hereinafter mentioned, the enterprise described in IV(a) has been and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Act as amended in 1989, having been and being an enterprise having an annual dollar volume in excess of $500,000.00 exclusive of excise taxes at the retail level and having had and having employees engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been produced for or moved in commerce.

### V.

Defendant has repeatedly and willfully violated and is violating the provisions of sections 7 and 15(a)(2) of the Act by employing many of its employees engaged in commerce or in the production of goods for commerce, within the meaning of the Act as aforesaid, for workweeks longer than forty (40) hours from January 12, 2008 until June 27, 2009, without compensating these employees for their employment in excess of forty (40) hours, at rates not less than one and one-half times the regular rate at which they were employed.

### VI.

Defendant, an employer subject to the provisions of the Act, has repeatedly and willfully violated the provisions of sections 11(c) and 15(a)(5) of the Act, in that it has failed to make, keep and preserve adequate and accurate records of its employees and of the wages, hours, and other conditions and practices of employment maintained by it, as prescribed by the regulations

at 29 C.F.R. 516 issued by the Administrator of the Wage and Hour Division and Public Contracts Divisions, United States Department of Labor; that is to say, the records kept by Defendant fail to show adequately and accurately, among other things, the hours worked each workday and the total hours worked each workweek.

## COUNT TWO

### VII.

Plaintiff brings this action to recover from Defendant overtime compensation due its employees listed herein, under the provisions of the Act.

### VIII.

Jurisdiction of this action is conferred upon the Court by Section 16(c) of the Act and by 29 U.S.C. §1337 and §1345.

### IX.

Plaintiff repeats and incorporates herein the allegations set forth in Paragraphs III and IV above.

### X.

With respect to the employees of Defendant listed on the attached Exhibit "A" for the time periods specified therein, Defendant violated the provisions of Sections 7 and 15(a)(2) of the Act by employing these employees in an enterprise engaged in commerce, within the meaning of the Act, as aforesaid, for workweeks longer than forty (40) hours from January 12, 2008 until June 27, 2009, without compensating these employees for their employment in excess of forty (40) hours, at rates not less than one and one-half times the regular rate at which they were employed.

## XI.

As a result of the aforesaid violations of Section 7 of the Act, there is due and owing from Defendant to the specified employees the amount which is stated in the attached Exhibit "A." Said sum has been demanded of Defendant and remains unpaid.

**WHEREFORE,** cause having been shown, Plaintiff prays judgment permanently enjoining and restraining Defendant, its officers, agents, servants, employees and those persons in active concert or participation with it, from violating the provisions of Sections 15(a)(2) and 15(a)(5) of the Act, and for such other and further relief as may be necessary and appropriate.

Further, Plaintiff demands judgment against Defendant in the amount of $4,959.51 for unpaid overtime compensation due under the Act as listed in the Exhibit "A" attachment to this Complaint, and for liquidated damages in an amount equal to the total back wages found due, plus costs and other appropriate relief.

Respectfully submitted,

/s/ Paul Spanos

PAUL SPANOS
Bar Number 0069269
Trial Attorney
U.S. Department of Labor
881 Federal Office Building
1240 East Ninth Street
Cleveland, Ohio 44199
(216) 522-3875 voice
(216) 522-7172 fax
spanos.paul@dol.gov

OF COUNSEL:

BENJAMIN T. CHINNI
Associate Regional Solicitor

SANDRA B. KRAMER
Senior Trial Attorney

**EXHIBIT A**

| Name | Period Covered | Amount Due |
|---|---|---|
| Thelma Barnhill | 1/12/08-7/26/08 | $85.66 |
| Robert Black | 6/14/08-6/28/08 | $203.20 |
| Sharon Cannon | 1/31/09-5/16/09 | $321.10 |
| Anika Crump | 11/29/08-12/27/08 | $305.20 |
| Phillip Dyer | 4/26/08-6/27/09 | $667.85 |
| Rudolph Fleshman | 2/16/08-6/20/09 | $980.55 |
| Darryl Martin | 1/26/08-3/15/08 | $1,217.60 |
| William McClain | 3/15/08-3/28/09 | $958.75 |
| Leslie Moore | 5/30/09-6/13/09 | $219.60 |
|  | TOTAL: | $4,959.51 |